**Balwinder SINGH, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40447.**

United States Court of Appeals, Second Circuit.

June 29, 2005.

Balwinder Singh, pro se(on submission), Bellerose, NY, for Petitioner.

Daniel R. Cooper, Jr., Assistant United States, Attorney for the District of Alaska, for Timothy M. Burgess, United States Attorney for the District of Alaska (on submission), Anchorage, AK, for Respondent.

PRESENT: MINER, CALABRESI, Circuit Judges, AMON, District Judge.*

## SUMMARY ORDER

Balwinder Singh ("Singh") petitions for review of a decision of the EOIR, denying his applications for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. We assume that the parties are familiar with the facts of Singh's case, the procedural history, and the scope of the issues presented on appeal.

Singh, a native and citizen of India, entered the United States on or about October 30, 2000. Approximately half a year later, Singh was served with a Notice to Appear, charging him with removability from the United States. Singh conceded removability, but sought asylum, withholding of removal, and CAT relief. The basis for Singh's applications was his alleged detention and torture by local officials as a result of his involvement in a Sikh separatist group, the Akali Dal Mann.

On March 13, 2002, a hearing was held on the merits of Singh's claim. At the hearing, Singh testified essentially consistently with his asylum application. When questioned regarding major political

---

* The Honorable Carol B. Amon, United States District Court for the Eastern District of New York, sitting by designation.

events in India relating to the Akali Dal Mann, however, Singh was unable to relate even rudimentary details, and appeared unaware of major events involving the Akali Dal Mann. Singh also appeared at the hearing clean-shaven, despite his testimony that the Sikh religion requires the growing of a beard.

At the conclusion of the hearing, the Immigration Judge ("IJ") issued an oral decision, finding Singh to be incredible, and rejecting Singh's applications for relief. *See Matter of Balwinder Singh,* No. A 79 299 267—New York (Imm. Judge Mar. 13, 2002) (*hereinafter "Matter of Singh—IJ"*). In finding him to be incredible, the IJ relied on several problems with Singh's account. These included the apparent discrepancies in Singh's story, and the questionable nature of Singh's corroborative documentation. *Id.* at 9–16.

Singh appealed to the Board of Immigration Appeals ("BIA"), which on August 13, 2003, affirmed. *See Matter of Balwinder Singh,* No. A 79 299 267—New York (BIA Aug. 13, 2003) (*hereinafter "Matter of Singh—BIA"*). The BIA noted that—while Singh challenged the IJ's overall determination—he did not, in his briefing, address any of the IJ's specific findings, or offer explanations for the discrepancies the IJ had identified in his account. *Id.* at 2. Absent such explanations, the BIA concluded, deference to the IJ's judgment was appropriate, and her adverse credibility finding should be affirmed. *Id.* Singh filed a timely petition for review with our court.

On appeal to our court, Singh challenges only two of the EOIR's reasons for finding him to be incredible.[1] Specifically, Singh argues: 1) that the EOIR erred in allegedly relying on the fact that Singh was unfa-

miliar with the name of one of the individuals who submitted an affidavit on his behalf; and 2) that the EOIR erred in relying on Singh's failure to grow a beard, contrary to his asserted religious beliefs.

■ Singh's first argument rests on an apparent misunderstanding of the relevant aspect of the IJ and BIA's decisions. The IJ and BIA *did not* find that Singh was not credible simply because he was unfamiliar with the name of one of the individuals who submitted an affidavit on his behalf. On the contrary, the IJ and the Board found this aspect of Singh's account incredible because Singh's testimony—that he knew the affiant only "a little"—was not consistent with the level of detailed knowledge of Singh's asylum tale that the affiant displayed. *See Matter of Singh—IJ,* at 13; *Matter of Singh—BIA,* at 2. Singh has not—on appeal to the BIA, or before our court—offered any explanation for this discrepancy. *See generally Alvarado–Carillo v. INS,* 251 F.3d 44, 56 (2d Cir.2001) (noting that minor discrepancies in an alien's account need not be fatal to credibility, where the alien offers a reasonable explanation).

■ Singh's second argument—that the IJ and BIA erroneously relied on his clean-shavenness in denying him relief—is similarly unavailing. While Singh argues that he needed to shave his beard, "at the time of leaving India to conceal his identity," he provides no explanation for why, at his hearing—well over a year after departing India—he remained clean-shaven. In the absence of such an explanation, we are unable to conclude that the EOIR erred in giving some weight to this factor in finding Singh to be incredible.

1. Singh also asserts that his testimony, and the documentation that he submitted before the IJ, were "credible." Such conclusory assertions, however—when unsupported by *any* argument or analysis—are inadequate to preserve a claim for review. *See, e.g., Norton v. Sam's Club,* 145 F.3d 114, 117 (2d Cir.1998).

We have considered all of Singh's arguments in favor of granting the petition, and find them to be without merit. The petition for review and motion for stay of deportation are DENIED.